UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA, DIVISION

SHALONDA WILKS, SONYA
BLACKERBY, and those others
that are similarly situated

    Plaintiffs,

Case No.:_____

COLLECTIVE ACTION

v.

SANTA ROSA INVESTORS, INC.

    Defendant,

_____/

**COMPLAINT FOR UNPAID OVERTIME WAGES
LIQUIDATED DAMAGES,
<u>ATTORNEY'S FEES AND COSTS [29 U.S.C.§§ 206, 207, 216(b)]</u>;**

Plaintiffs, SHALONDA WILKS, and SONYA BLACKERBY, (hereinafter "Plaintiffs"), collectively and on behalf of all others similarly situated, bring this collective action against SANTA ROSA INVESTORS, INC. (hereinafter referred to as SANTA ROSA INVESTORS or "DEFENDANT") and allege:

<u>Jurisdiction and Venue</u>

1)     Plaintiffs bring this Complaint contending that Defendant failed to properly pay overtime compensation to all of its employees who worked for it within the last three years, including but not limited to all Certified Nursing Assistant's, CNA'S, Registered Nurse's, LPN's, Licensed Practical Nurses, or other similar healthcare positions (hereinafter referred to collectively as "CNA"), as required by the Fair Labor

Standards Act, 29 U.S.C. §201, et seq ("the FLSA"). This court has jurisdiction under 28 U.S.C. §§ 1331, 1337.

2) Venue is proper pursuant to 28 U.S.C. § 1391(b) as the actions giving rise to this action occurred in this district and the Defendant conducts business in this district.

## Nature of the Case

3) This action is brought to recover unpaid compensation owed to Plaintiffs and all employees and former employees of Defendant who are similarly situated, pursuant to the FLSA, 29 U.S.C. § 201 et seq. for at least three years prior to the filing of this complaint and continuing presently ("liability period"), Defendant has had a policy of consistently requiring their employees, including Plaintiffs, to work overtime without properly paying them compensation and/or overtime compensation for work in excess of forty (40) hours per week as required by the FLSA. Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid compensation and overtime compensation, and equal amount of liquidated damages, attorneys' fees and costs, pursuant to 29 U.S. C. .§ 216(b).

## Parties

4) Plaintiffs were or are employed by the Defendant and performed work within this District, including but not limited to performing work in Santa Rosa County, Florida.

5) Plaintiff, SHALONDA WILKS, is a resident of the State of Florida and was employed by the Defendant in this District. The Plaintiff worked as a CNA for the Defendant in 2009. As a CNA, Plaintiff, SHALONDA WILKS, worked in excess of 40 hours per week, but was not properly paid for all hours worked in excess of 40 hours per week.

6) Plaintiff, SONYA BLACKERBY, is a resident of the State of Florida and was employed by the Defendant as a CNA in this District and in the State of Florida. The Plaintiff worked as a CNA for the Defendant within the past three years. As a CNA, Plaintiff, SONYA BLACKERBY, regularly worked in excess of 40 hours per week, but was not properly paid overtime for all hours worked in excess of 40 hours per week.

7) Plaintiffs bring this action on behalf of themselves and all other similarly situated healthcare worker's employed by Defendant.

8) It is Plaintiffs' information and belief that all Certified Nurse Assistants, Licensed Practical Nurses, Registered Nurses, and other similarly situated employees are subject to the same policy or procedure of the Defendant that violates the Fair Labor Standards Act by not properly its employees one and one half (1 ½) times their regular rate of pay for each and every hour that the employee works over 40 hours in any work week.

9) There are estimated to be approximately 200 other Certified Nurse Assistants, Licensed Practical Nurses, and Registered Nurses employed by Defendant in the preceding three years in Florida.

10) The Defendant, SANTA ROSA INVESTORS, INC., is a Florida Non Profit Corporation and transacts business in the State of Florida, including SANTA ROSA County, Florida.

11) Defendant, SANTA ROSA INVESTORS, INC., is the Plaintiffs' "employer" within the meaning of the FLSA.

12) SANTA ROSA INVESTORS, INC. supervises or has operational control over the Plaintiffs and SANTA ROSA INVESTORS, INC.'s other employees in Florida.

13) The Defendant is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

14) The Plaintiffs were at all material times, employed by the Defendant in Florida and were/are covered employees of the Defendant, within the meaning of the FLSA.

## FACTUAL BACKGROUND

15) Defendant, SANTA ROSA INVESTORS, INC., operates an inpatient Health and Rehabilitation facility in SANTA ROSA County, Florida. As part of its business the Defendant employs Certified Nursing Assistants, Licensed Practical Nurses, Registered Nurses and other persons to provide care and support to their patients

16) Plaintiffs, and other similar situated employees work to execute the work of and directly serve the customers of the Defendant in its facility.

17) Plaintiffs, and other similar situated employees are paid by the Defendant on a hourly basis and are/were frequently and regularly required to work in excess of forty (40) hours, without being paid overtime time at the rate of one and one half (1 ½) times their regular rate of pay for all hours worked and or based on all wages.

18) Plaintiffs, and other similar situated employees, have been, "non-exempt" employees within the meaning of the FLSA and implementing regulations of the U.S. Department of Labor.

19) Defendant were well aware of the overtime work hours worked by Plaintiffs, and other similar situated employees, yet did not pay these employees overtime compensation as required by the FLSA.

## Collective Action FLSA Allegations

20) Plaintiffs bring this case as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorney's fees and costs, and damages owed to Plaintiffs and all similarly situated employees of the Defendant.

21) The Defendant has regularly employed the Plaintiffs and other similarly situated employees in excess of forty hours in a workweek.

22) The Defendant has regularly not paid the Plaintiffs, and other similarly situated employees, at a rate of one and one half times their regular rate of pay for all the hours worked in excess of 40 hours in a workweek.

23) The other employees, have similar job requirements as compared to the Plaintiffs in that they provide nursing services to the Defendant's patients.

24) The Defendant's similarly situated employees are paid under the same policy as the Plaintiffs which does not properly pay the employee overtime at one and one half (1 ½) time the employees regular rate of pay as required by the FLSA, including but not limited to any bonuses and/or shift differential pay.

25) The Defendant has engaged in a pattern and practice of violating § 207 of the FLSA with respect to the Plaintiffs and the other similarly situated employees by failing and refusing to pay overtime pay at the rate of one and one half (1 ½) times the employees regular rate of pay as required by the FLSA, including but not limited to any bonuses and/or shift differential pay. .

26) The class of similarly situated persons on whose behalf the case is brought (hereinafter "class") consists of:

> All persons who are currently, or who were employed during the three (3) year period immediately preceding the filing of this Complaint in the position of "CERTIFIED NURSE ASSISTANT" "CNA", "LICENSED PRACTICAL NURSE", "LPN", "REGISTERED NURSE", or "RN" for the Defendant, directly or through one of its subsidiaries or affiliated companies.

20) Plaintiffs estimate that there are over 200 members in the Class in Florida. The precise number of Plaintiffs can be easily ascertained by Defendant through the use of payroll and personnel records. Given the composition and size of the class, members of the class may be informed of the pendency of this action through direct mail.

21) This action is properly maintained as a collective action because Plaintiffs and the Class members are similarly situated with respect to the overtime violations alleged in this Complaint.

22) This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216 as to claims for unpaid minimum and/or overtime wages, liquidated damages, costs, and attorney's fees.

23) Plaintiffs request that this Court authorize notice to be circulated to all similarly situated persons informing them of this action and their right to opt-in to this action under 29 U.S.C. § 216 for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and other relief requested herein.

24) Plaintiffs and members of the Class were, at all times during the violation period, classified by the Defendant as non-exempt under the FLSA and were not properly paid overtime wages for hours worked in excess of forty in a work-week.

25) Plaintiffs and members of the Class were required and/or permitted to work in excess of forty hours in a work-week, but where not paid the proper overtime rate for all hours worked in excess of forty in a work-week. The Plaintiffs are entitled to overtime compensation at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty hours in a workweek.

26) Defendant knew and was aware at all times that the Plaintiffs and other similarly situated employees worked in excess of forty hours in a workweek. Defendant purposefully, intentionally, and wrongly failed to pay the Plaintiffs and other similarly employees overtime compensation at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty hours in a workweek.

27) Defendant knew, or showed reckless disregard for, the fact that its failure to properly pay overtime compensation was in violation of the FLSA.

28) Defendant has failed to maintain accurate records of the hours worked by the Plaintiffs and all other similar employees.

29) The Defendant managed the work that the Plaintiffs and Class members performed, the hours worked, and dictated, controlled, and ratified compensation policies applied to the Plaintiffs and Class members.

30) The Defendant's compensation policies are uniform amongst all "CERTIFIED NURSE ASSISTANT", "CNA", "LICENSED PRACTICAL NURSE", "LPN", "REGISTERED NURSE", or "RN" and disseminated by senior management.

## Count One - Violation of 29 U.S.C. § 207 and § 216(b)

39) The allegations of the preceding paragraphs are incorporated by reference herein.

40) Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work-week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours in a work-week at a rate not less than one and one-half times the regular rate of pay.

41) The Defendant employed Plaintiffs, and those similarly situated, in excess of forty (40) hours in a work-week without paying them at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a work-week as required by the FLSA and thus have violated the right of the Plaintiffs', and those similarly situated, under § 207 of the FLSA and 29 C.F.R. 541.3.

42) As a consequence of the Defendant's violation of the FLSA, the Plaintiffs are entitled to one and one half times their regular rate of pay for all hours they worked in excess of forty hours in a work-week within the three years preceding the filing of this lawsuit, or the three years preceding the election to participate by other similarly situated Case Workers. They are also entitled to an equal amount of money as liquidated damages under the FLSA

43) The actions of the Defendant complained of herein were willful within the meaning of 29 U.S.C. § 216(b) and were not in good faith.

44) Because of Defendant's actions, Plaintiffs have had to retain counsel and are entitled to recover their attorneys' fees and costs connected with this suit.

45) As a result of the unlawful acts of Defendant, Plaintiffs and other similarly situated persons have been deprived of overtime compensation in amounts to be determined at

trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

WHEREFORE, Plaintiffs pray that this Court:

  a) Certify a Collective Action or Actions;
  b) Order that Defendant file with this court, and with Plaintiffs' counsel, a list of all names and addresses for the following classes of employee: CERTIFIED NURSE ASSISTANT"" "CNA", "LICENSED PRACTICAL NURSE", "LPN", "REGISTERED NURSE", or "RN" employed by Defendant during the violation period and authorize Plaintiffs' counsel to issue notice to those persons at the earliest possible time informing them of the filing of this action, the nature of the action, and of the right to "opt-in" to the action if the person falls within the Class definition.
  c) Enter judgment enjoining the Defendant from engaging in the practices complained of herein;
  d) Declare that Defendant have violated the overtime provisions of the FLSA, 29 U.S.C. §207 and 29 C.F.R. 541.3, as to the Plaintiffs and Class members;
  e) Declare that Defendant's violations of the FLSA was willful and not in good faith;
  f) Enter judgment awarding Plaintiffs and Class members unpaid overtime compensation and an additional equal amount as liquidated damages;
  g) Enter judgment awarding Plaintiffs and Class members reasonable attorneys' fees and costs;

h) Award pre and post-judgment interest as allowed by law;

i) Grant Plaintiffs and Class members leave to amend to add additional Plaintiffs by motion, the filing of consent forms, or any other method of proof by the Court; and

j) Grant such other relief which this Court deems just and proper.

Respectfully Submitted,

*/s/ Jeremiah J. Talbott*

JEREMIAH J. TALBOTT, P.A.
245 E. Intendencia Street
Pensacola, Fla. 32502
jjtalbott@talbottlawfirm.com
(850) 437-9600
(850) 437-0906 (Facsimile)
Fla. Bar No. 0154784
*Attorney for the Plaintiffs*