**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

SHALONDA WILKS, SONYA
BLACKBERBY, and those others
that are similarly situated,

      Plaintiffs,

      v.                                      Case No.: 3:10-cv-187-RV/MD

SANTA ROSA INVESTORS, INC.,

      Defendant.
_____/

**<u>ORDER</u>**

      Now pending is the plaintiffs' motion for order approving class notice and requiring the defendant's disclosure of names and addresses of class members (doc. 24). The defendant has filed a response in opposition.

      At all times pertinent, the plaintiffs, Shalonda Wilks and Sonya Blackberby, were each employed by the defendant, Santa Rosa Investors, Inc., as a Certified Nursing Assistant ("CNA") at the defendant's Health and Rehabilitation Center in Santa Rosa County, Florida. They have alleged that they worked in excess of 40 hours per week, but were not paid for those excess hours. Upon information and belief, and based specifically on deposition testimony from defendant's Corporate Representative given during the course of another case, the plaintiffs have further alleged that all CNAs, Licensed Practical Nurses, Registered Nurses, and other similarly situated employees have been subject to the same policy and procedure of overtime underpayment. The plaintiffs have thus brought this "collective action" on behalf of themselves and other employees pursuant to the Fair Labor Standards Act [29 U.S.C. §§ 201, et seq.] ("FLSA"). They now move, under Section 216 of the

FLSA, for a court order approving class notice and requiring the defendants to disclose the names and addresses of potential class members.

The process for establishing a collective action under the FLSA is two-fold. The first step, known as the "notice stage," begins when the plaintiff seeks court authorization to issue notice of the lawsuit to other potential plaintiffs. See, e.g., Anderson v. Cagle's, Inc., 488 F.3d 945, 952 (11th Cir. 2007). At this stage, the district court employs a "lenient standard" in determining whether the employees are similarly situated, and, consistent with the broad remedial purpose of the FLSA, it will "typically" issue a conditional certification of the representative class, which gives notice to potential class members and provides them with an opportunity to "opt-in." See Hipp v. Liberty National Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001); Dybach v. State of Florida Dep't of Corrections, 942 F.2d 1562, 1567 (11th Cir. 1991). The defendant acknowledges that a plaintiff's burden in obtaining court-approved notification at this stage "is not a terribly onerous one." The second step begins after all potential class members have filed their respective consent forms to opt-in and discovery has been had. At the second step, after discovery is complete and the case is ready for trial, the defendant may file a motion for decertification:

> At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives --- i.e. the original plaintiffs --- proceed to trial on their individual claims.

Hipp, supra, 252 F.3d at 1218.

Upon review of the plaintiffs' motion, and the defendant's response thereto, and in accordance with the lenient standard of review set forth above, I find that

the plaintiffs' motion is due to be granted --- with a few caveats. First, as there do not appear to be any allegations presently in the record to suggest that there are "similarly situated employees" at facilities other than the defendant's Santa Rosa Health and Rehabilitation Center, the class will be limited to the CNAs, Licensed Practical Nurses and Registered Nurses at that facility only. Second, because the plaintiffs have not identified any extraordinary circumstances that might warrant equitable tolling of the relevant statute of limitations (three years), the notice will be read to apply to the CNAs, Licensed Practical Nurses and Registered Nurses at the facility for three years prior to the date of the notice. As for the content of the notice itself --- which the defendants object to --- I will grant the defendants' request that they be given an opportunity to participate in the drafting of a more neutral notice. The parties shall confer and discuss the language to be included in the notice within seven days of the date of this order. If the parties are unable to agree on the language of the notice, I will rule on the matter upon proper motion.

In conclusion, the plaintiffs' motion for an order approving class notice and requiring the defendant's disclosure of names and addresses of class members (doc. 24) is hereby GRANTED, to the extent indicated above.

DONE and ORDERED this 9th day of November, 2010.

/s/ *Roger Vinson*
ROGER VINSON
Senior United States District Judge